# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>John Michael Stevens,<br><br>Defendant. | Case No. 12-cr-00287 (SRN/SER)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Karen B. Schommer and Robert M. Lewis, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff United States of America.

Jon M. Hopeman, Donald G. Heeman, and Randi J. Winter, Felhaber Larson Fenlon & Vogt, PA, 220 South Sixth Street, Suite 2200, Minneapolis, MN 55402–4504, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant John Michael Stevens' Objections [Doc. No. 37] to Magistrate Judge Steven E. Rau's January 24, 2013 Order regarding various pretrial motions filed by the parties. [Doc. No. 36.] Defendant's Objections are limited to the Magistrate Judge's partial denial of his Motion for a Bill of Particulars and the timing of disclosures under Federal Rule of Criminal Procedure 16(a)(1)(G) and Federal Rule of Evidence 404(b). (See Objections at 1–5 [Doc. No. 37].) For the reasons set forth below, the Court affirms in part and modifies in part the Magistrate Judge's Order.

1

## I.    BACKGROUND[1]

The Government alleges that the Defendant conspired and engaged in bank fraud,

wire fraud, financial institution fraud, and money laundering related to Chateau Ridge, a

real estate development in Burnsville, Minnesota.  (Indictment ¶ 1–2 [Doc. No. 1].)[2]

Specifically, the Indictment asserts that Defendant and others "found buyers to apply for

mortgage loans to purchase units at the development and shared in the proceeds of the loans

obtained to buy the units."  (Id. ¶ 3.)  Defendant allegedly carried out the scheme to defraud

by "artificially inflat[ing] the purchase prices represented in the sale documentation and

loan closing paperwork by including expenses for purported property management fees,

marketing fees, and liens, among other things, and by omitting references to other payments

made to property buyers."  (Id.)  Instead of using the funds for the stated purposes, the loan

proceeds were used to "pay secret rebates to purchasers, profits for facilitators, and for other

purposes."  (Id.)  According to the Indictment, the sharing of loan proceeds "was not fully

and accurately disclosed to lenders or described in documentation prepared for closings."

(Id.)

The Indictment also alleges that Defendant and others arranged to pay for "earnest

---

[1]    The factual and procedural background of this case is well documented in the
Magistrate Judge's January 24, 2013 Order and is incorporated herein by reference.  (Order
dated January 24, 2013 [Doc. No. 36].).

[2]    A federal grand jury returned an Indictment that charged Defendant with conspiracy
to commit bank fraud (Count 1), conspiracy to commit wire fraud (Count 2), financial
institution fraud (Counts 3–9), wire fraud (Count 10), conspiracy to commit money
laundering (Count 11), money laundering (Counts 12–13),  and monetary transactions in
criminally derived property (Counts  14–16).  (Indictment ¶¶ 9–32 [Doc. No. 1].)

money deposits, down payments, and funds needed to close sales" in a manner that falsely created the appearance that buyers provided the funds. (Id. ¶ 4.) After closing, however, Defendant and others repaid the funds and the buyers did not actually invest their own money. (Id.) Additionally, the Government contends that Defendant paid buyers before closing to induce them to purchase a unit. (Id. ¶ 5.) The Indictment claims that Defendant did not fully and accurately disclose material information to the lenders and financial institutions before these purchases. (Id. ¶¶ 3–7.)

The parties filed numerous pretrial motions before the Magistrate Judge and the Magistrate Judge issued an Order on the motions on January 24, 2013. [Doc. No. 36.] As it relates to these Objections, the Magistrate Judge granted in part and denied in part Defendant's Motion for a Bill of Particulars. (Id. at 3–12.) The Magistrate Judge granted the Motion to the extent it sought the identity of co-conspirators known to the Grand Jury and the materially false and fraudulent pretenses, representations, and promises not identified in the Indictment. (Id. at 6–7, 9–10.) The Magistrate Judge denied the Motion in all other respects, including Defendant's request for information regarding the identity of the property relevant to the Indictment's forfeiture allegations. (Id. at 10–12.)

The Magistrate Judge also granted Defendant's Motion under Federal Rule of Criminal Procedure 16(a)(1)(G) requiring the Government to disclose any expert it intends to designate fourteen days before trial. (Id. at 13.) Additionally, the Magistrate Judge granted Defendant's Motion for disclosure of Federal Rule of Evidence 404(b) materials no

later than ten days before trial.  (Id. at 14.)[3]

On February 7, 2013, Defendant filed timely Objections to the Magistrate Judge's

January 24, 2013 Order.  (Objections at 1 [Doc. No. 37].)  Defendant objects to the partial

denial of his Motion for a Bill of Particulars to the extent the Magistrate Judge ruled that the

Government was not required to provide information regarding the property related to the

Government's forfeiture allegations.  (Id. at 2–3.)  Defendant also objects to the Magistrate

Judge's ruling that the Government may provide Rule 16(a)(1)(G) evidence to the

Defendant fourteen days before trial.  (Id. at 4.)  Defendant suggests that the Court should

order the Government to provide materials under Rule 16(a)(1)(G) at least sixty days before

trial.  (Id.)  Defendant similarly objects to the Magistrate Judge's Order that the Government

disclose Rule 404(b) evidence at least ten days before trial and requests that the Court order

such material disclosed at least sixty days before trial.  (Id. at 5.)

## II.    DISCUSSION

### A.    Standard of Review

The Court's review of a magistrate judge's order on nondispositive matter is

limited to whether the magistrate judge's order is clearly erroneous or contrary to law.

See 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a); D. Minn. LR 72.2(a).

### B.    Motion for Bill of Particulars Related to Forfeiture Allegations

Defendant objects to the Magistrate Judge's denial of his Motion for a Bill of

---

[3]    The Magistrate Judge also ruled on various other pretrial motions by the parties to
which the parties do not object.  (See Order dated January 24, 2013 at 13–14 [Doc. No.
36].)

Particulars related to the identity of the property that the government seeks to forfeit.

(Objections at 2 [Doc. No. 37].) Federal Rule of Criminal Procedure 7(f) states:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

A bill of particulars serves to "inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite." United States v. Hernandez, 299 F.3d 984, 989–90 (8th Cir. 2002) (citation omitted). Courts have broad discretion in granting or denying a bill of particulars. United States v. Stephenson, 924 F.2d 753, 762 (8th Cir. 1991), cert. denied, 502 U.S. 813 (1991). When deciding whether a bill of particulars is appropriate, courts may consider the complexity of the crimes charges, the clarity of the indictment, and the degree of discovery and other sources of information otherwise available to the defendant. See, e.g., United States v. Vasquez-Ruiz, 136 F. Supp. 2d 941, 943 (N.D. Ill. 2001).

> Federal Rule of Criminal Procedure 32.2(a) provides:

> A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute. The notice should not be designated as a count of the indictment or information. The indictment or information need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks.

Rule 32.2 "makes it clear that the indictment or information need only provide general

notice that the government is seeking forfeiture, without identifying the specific property

being sought." Fed. R. Crim. P. 32.2, Advisory Comm. Note 32.2(a) (2009). A court

may, however, "direct the government to file a bill of particulars to inform the defendant

of the identity of the property that the government is seeking to forfeit . . . if necessary to

enable the defendant to prepare a defense or to avoid unfair surprise." Advisory Comm.

Note 32.2(a) (2009) (citations omitted); see also United States v. Moffitt, Zwerdling, &

Kemler, P.C., 83 F.3d 660, 665 (4th Cir. 1996) (holding that the government need not list

each asset subject to forfeiture in the indictment because notice can be provided in a bill

of particulars); United States v. Galestro, No. 06-cr-285, 2008 WL 2783360, at *12

(E.D.N.Y. July 15, 2008) (finding that if the government intends to seek forfeiture of

specific property, it "must provide defendant's counsel with a list of the specific items it

intends to seek to forfeit . . . no less than 30 days prior to the start of trial in this case");

Vasquez–Ruiz, 136 F. Supp. 2d at 944 ("direct[ing] the government to identify in a bill of

particulars, at least 30 days prior to trial, the specific items of property . . . that the

government claims are subject to forfeiture").

 The Indictment in this case contains forfeiture allegations, which state that the

Government intends to pursue "any and all property, real or personal, which constitutes

or is derived from proceeds traceable directly or indirectly" to the violations charged in

the Indictment. (Indictment at 11–12 [Doc. No. 1].) The forfeiture allegations further

state that if any of the forfeitable property "is unavailable for forfeiture, the United States

intends to seek forfeiture of substitute property," including but not limited to "[r]eal

property located at 500 Greenhaven Drive, Unit 302, Burnsville, Minnesota." (Id. at 12.)

The Magistrate Judge found that the notice requirement of Rule 32.2(a) was satisfied in this case because the Indictment "contains a separate 'Forfeiture Allegations' section that provides more than adequate notice that the Government will pursue forfeiture of property traceable to [Defendant]'s violations." (Order dated January 24, 2013 at 11 [Doc. No. 36].) The Magistrate Judge further concluded that a bill of particulars was unnecessary for the forfeiture allegations because the Defendant had not argued that it was "necessary either to prepare his defense or avoid unfair surprise." (Id.) The Magistrate Judge stated that Defendant can "prepare a defense based on the Indictment and discovery in this matter alone without the danger of unfair surprise at trial." (Id. at 12.)

Defendant objects to the Magistrate Judge's conclusion and argues that a bill of particulars regarding the forfeiture allegations is necessary to allow him to "prepare for trial and to prevent or minimize the event of surprise." (Objections at 2 [Doc. No. 37].) Defendant contends that he needs to know details related to the forfeiture allegations "to know their import and to prepare to defend." (Id. at 3.)

Having the benefit of Defendant's briefing for his Objections—none of which was available to the Magistrate Judge before he ruled—the Court finds that Defendant is entitled to a bill of particulars from the Government to the extent the Government will seek forfeiture of specific property. Given the large volume of discovery, the nature of the evidence, and the complexity of this case, it is reasonable to conclude that Defendant does not know the specific properties that the Government may seek to forfeit.

Moreover, this information is necessary to Defendant to prepare his defense without the danger of unfair surprise at trial. Therefore, the Court modifies the Magistrate Judge's January 24, 2013 Order and directs the Government to provide defense counsel with a bill of particulars for the specific property related to the forfeiture allegations as soon as possible, but in any event, no less than thirty days before trial begins in this case.

### C.    Disclosures

Defendant also objects to the timing of disclosures ordered by the Magistrate Judge. (Objections at 3–5 [Doc. No. 37].) Specifically, the Magistrate Judge directed the Government to disclose all experts it intends to designate under Federal Rule of Criminal Procedure 16(a)(1)(G) fourteen days before trial. (Order dated January 24, 2013 at 13 [Doc. No. 36].) Additionally, the Magistrate Judge ordered the Government to disclose materials under Federal Rule of Evidence 404(b) no later than ten days before trial. (Id. at 14.)

Defendant argues that "[b]y delaying the disclosures of Rule 16(a)(1)(G), Rule 404(b), and other disclosures, to a very narrow time period falling three to fourteen days before trial, the Magistrate Judge and the prosecution have guaranteed that [Defendant]'s counsel will not have adequate time to prepare to defend [Defendant] competently." (Objections at 3 [Doc. No. 37].) Defendant requests that the disclosures required under Rule 16(a)(1)(G) and Rule 404(b) be at least sixty days before trial. (Id. at 3–5.)

The Court recognizes the potential that receiving information about experts or evidence shortly before trial will impact the ability of defense counsel to defend this case. Therefore, the Court modifies the Magistrates Judge's January 24, 2013 Order and directs

8

the Government to provide defense counsel with expert disclosures under Rule

16(a)(1)(G) and materials under Rule 404(b) at least thirty days before trial.

### III.    ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the

Court **SUSTAINS in part** and **OVERRULES in part**, Defendant's Objections [Doc.

No. 37.].  The January 24, 2013 Order of the Magistrate Judge [Doc. No. 36] is

**AFFIRMED in part** and **MODIFIED in part** [Doc. No. 36].  Accordingly, **IT IS**

**HEREBY ORDERED** that:

1. The Government provide defense counsel with a bill of particulars for the specific property related to the forfeiture allegations in the Indictment as soon as possible, but in any event, no less than thirty (30) days prior to the start of trial in this case.

2. The Government provide Defense counsel with expert disclosures under Fed. R. Crim. P. 16(a)(1)(G) and materials under Fed. R. Evid. 404(b) at least thirty (30) days before trial.


Dated: March 29, 2013                             s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge